AMTORG TRADING CORPORATION, Plaintiff, *v*. UNITED STATES WALL-BOARD MACHINERY COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, January 23, 1953.

*Benedict Wolf* for plaintiff.

*John B. Griffin* for Standard Accident Insurance Company, defendant.

STEUER, J. The plaintiff, Amtorg Trading Corp. (hereinafter referred to as Amtorg), and one of the defendants, United States Wallboard Machinery Co. (hereinafter referred to as Wallboard), each moves for relief in the nature of summary judgment. The facts are that in 1948 Wallboard brought a suit against Amtorg. In that suit it attached a bank account of Amtorg. The latter exhausted all its remedies to vacate the attachment, and it was unsuccessful. Wallboard was required to put up a bond and it supplied an undertaking of defendant Standard Accident Insurance Co. The bond agreed to indemnify Amtorg from all damages it might sustain by reason of the attachment in the event it should recover in the action, with a limit of $8,700. The action resulted in a judgment in favor of Amtorg in the sum of $10,324 and costs. Demand and damages are alleged.

The defenses set out the following facts: the suit by Wallboard against Amtorg was for breach of three separate contracts for the sale of goods and for the price of certain merchandise delivered. Amtorg counterclaimed for breach of contract and also for the return of a deposit made under the contract. Upon the trial, Wallboard's claims were sustained and Amtorg's counterclaim for breach of contract was dismissed, though its right to return of the deposit was upheld. It further is alleged that during the pendency of the action the parties agreed upon a partial performance of the contracts and that the same would be without prejudice to their rights. The contract called for delivery of goods against payment. Payment was to be made two thirds in cash and one third by reduction of the deposit. Partial performance in the period between the attachment and the trial had the effect of reducing Wallboard's claim and also Amtorg's deposit, but as Wallboard's claim was reduced twice the amount that Amtorg's deposit was reduced, the net result was that at the time of trial the balance of the deposit exceeded Wallboard's claim and this excess was the recovery had by the judgment. From these facts it is argued that the judgment entered was not one that was in contemplation of the parties or referred to in the bond, and that the agreement for partial performance without prejudice to the rights of either party prevents the assertion of a claim which arose only because that performance was had.

In principle a bond does not differ from any other contract in regard to its interpretation. It may, of course, be assumed that the greatest care is taken to use words whose usual meaning fairly expresses the intent of the parties. Hence, where the condition of payment is the entry of a judgment, the intent would be any regularly entered judgment in the action no matter what the facts causing it to be entered might be. As Amtorg asserts, it is not now permissible to retry the original action or to go behind the fact that it resulted as it did. Were it not for the agreement that the partial performance was to be without prejudice to the rights of either party, these considerations would dispose of this litigation.

Amtorg's position on the partial performance is that insofar as it effected a reduction of plaintiff's claim it was a mitigation of damages and only something that Wallboard was in any event bound to do. This is either not so or a question of fact. A party suing for a breach of contract is required to mitigate the damage but not to reinstate the contract either wholly or partially. The facts pleaded amount to more than the duty of such a plaintiff

to reduce his loss insofar as the same is feasible. The net effect of the agreement is that Wallboard's rights in regard to the attachment bond, to which rights its surety succeeds, were to be in the same position as if the partial performance had not taken place.

The conclusion is that the defenses above described do constitute a defense, though one rather than two as pleaded. The third defense, namely, that Amtorg never moved to reduce the attachment is not a defense. There is no obligation for it to do so.

In resisting Wallboard's claim for judgment, Amtorg raises an additional question. Its claim is that the agreement had reference only to those portions of Wallboard's claim as were not embraced in the contemplated partial performance. And as it was Wallboard's position that even giving effect to the partial performance, it was entitled to a verdict in its favor that the agreement could not have contemplated rights in regard to the attachment bond. This raises a question of fact.

Plaintiff's motion is granted as to the third separate defense. Otherwise denied. Defendant's motion is denied.